JOHNSON *vs.* STATE.

RAPE, FROM STEWART. Witness. Criminal Law. Evidence. Confessions. (Before Judge Fort.)

Jackson, C. J.—1. From the preliminary examination of the child of six years of age, on whom a rape was alleged to have been commit-

ted in this case, it does not appear that she sufficiently understood the obligation of an oath or the punishment, the law imposed upon its violation, or that she had the slightest conception of any future, much less of any future punishment for perjury or other bad conduct in this life, so as to have made her a competent witness. Possibly, on a second trial, as she advances in age and moral training, she may better understand these obligations and penalties, and may become competent.

2. The confessions made by the prisoner to Jordan in the presence of his wife were not voluntary confessions, free from fear, and were not admissible. Where Jordan told the prisoner, that if he did not confess to him, he would have to confess to a justice of the peace, it was equivalent to telling him that unless he confessed he would be arrested and taken before a justice of the peace and tried for the offense, and this being done in the presence of the mother of the child charged to have been ravished, and who was accusing the defendant of the crime, such a confession does not appear not to have been induced by the slightest hope of benefit or remotest fear of injury. Code, §3793.

Judgment reversed.

J. J. Wimberly & Son, by brief, for plaintiff in error.

C. B. Hudson, Solicitor General, by brief: Clifford Anderson, Attorney General, by J. H. Lumpkin, for the State.